Freligh v Government Empls. Ins. Co. (2018 NY Slip Op 00584)





Freligh v Government Empls. Ins. Co.


2018 NY Slip Op 00584


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

524460

[*1]JAMES E. FRELIGH II, Respondent,
v
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant.

Calendar Date: April 26, 2017

Before: McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ.;

 Clark, J., vouched in.

Thuillez, Ford, Gold, Butler & Monroe, LLP, Albany (Daisy Ford Paglia of counsel), for appellant.
Basch & Keegan, Kingston (Derek J. Spada of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Gilpatric, J.), entered November 16, 2016 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
After he was injured in a motor vehicle accident, plaintiff commenced this action to recover no-fault benefits for lost wages that he allegedly would have received from a new job that he had been offered but not yet started. Supreme Court denied defendant's motion for summary judgment dismissing the complaint. This Court reversed, granted the motion and dismissed the complaint (152 AD3d 1145 [2017]). The Court of Appeals reversed, finding "[t]riable issues of fact . . . as to plaintiff's claim
for lost wages," and remitted the matter so that this Court could address any issue "raised but not determined" on the initial appeal (___ NY3d ___, ___, 2017 NY Slip Op 08714, *1 [2017]).
The remaining issue is whether defendant was provided with proper verification of plaintiff's claim for lost wages. "[A]n insurer must pay or deny only a verified claim" (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 299 [2007]; see 11 NYCRR 65-3.8 [a] [1]), which ordinarily requires "its receipt of verification of all of the relevant information requested" (11 NYCRR 65-3.8 [b] [3]; see Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d at 299). As is relevant here, the insurer must "accept proof of claim submitted on a form other than a prescribed form if it contains substantially the same information as the prescribed [*2]form" (11 NYCRR 65-3.5 [f]; see Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 162 [2013]). The regulations therefore ensure that the insurer is provided with the necessary information to verify a claim but do not, in most instances, require that the information be provided on a particular form (see 11 NYCRR 65-3.5 [f]).
Defendant complains, and the record indicates, that it did not receive a completed NF-6 form (employer's wage verification report) from VW Parts, Inc., the intended employer. The principal of VW Parts testified, however, that he did not believe that he ever received an NF-6 form to complete. Counsel for plaintiff confirmed as much in a letter responding to defendant's demand for the completed form, requesting a copy that he could provide to VW Parts. In any event, counsel for plaintiff had already provided defendant with plaintiff's employment application to VW Parts and a signed employment offer providing details of the proffered work. To the extent that those documents did not provide all of the information contained on a completed NF-6 form, defendant further connected with the principal of VW Parts "for an interview and verification of employment" that could have been used to obtain the remainder. Thus, inasmuch as triable questions of fact exist as to whether plaintiff's claim was properly verified, defendant is not entitled to summary judgment dismissing the complaint on that basis.
Egan Jr., Clark and Mulvey, JJ., concur; McCarthy, J.P., not taking part.
ORDERED that the order is affirmed, without costs.